IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **LEENA SHAH,** | CASE NO. 3:21 CV 2099 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **UNIVERSITY OF TOLEDO, et al.,** | |
| Defendants. | MEMORANDUM OPINION AND ORDER |

### INTRODUCTION

This is a refiling of *Shah v. University of Toledo*, 3:21 CV 581. Plaintiff Leena Shah asserts Defendants the University of Toledo ("UT"), Christopher Cooper, Deepa Mukundan, and Randall G. Worth discriminated against her based on her race and national origin and violated her procedural due process rights when they dismissed her from UT's M.D. program. (Doc. 1). Plaintiff asserted the same claims against these same Defendants in Case No. 3:21 CV 581. In the prior case, this Court granted Defendants' Motion to Dismiss and dismissed Plaintiff's claims with prejudice on the merits. *See Shah v. Univ. of Toledo*, No. 3:21 CV 581, 2021 WL 5140969 (N.D. Ohio Nov. 4, 2021). On December 6, 2021, Plaintiff appealed that dismissal; the appeal remains pending. *See Shah v. Univ. of Toledo*, No. 21-4153 (6th Cir.). Plaintiff now seeks to relitigate these matters for a second time in this action. Defendants filed an Answer and asserted among other defenses, the affirmative defense of *res judicata*.

For the reasons set forth below, this action is dismissed.

## STANDARD OF REVIEW

The Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold it to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir.2 005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Pursuant to *Apple v. Glenn*, district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). *Sua sponte* dismissal is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter. *Id*. at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

## DISCUSSION

The doctrine of *res judicata* dictates a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat a prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id*. The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). A subsequent action is subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both requirements are met in this case.

This is the second case Plaintiff filed against these Defendants challenging her dismissal from the UT M.D. program. Although the pleadings are not identical, they are substantially similar. Both rely on the same facts and Plaintiff asserts the same substantive claims (violations of Title VI and procedural due process under 42 U.S.C. § 1983) against the same Defendants in both actions. This Court dismissed Plaintiff's first action on the merits on November 4, 2021. *Shah v. Univ. of Toledo*, No. 3:21 CV 581, 2021 WL 5140969 (N.D. Ohio). Plaintiff filed this second action on the same day the first action was dismissed stating it was a refiling of the first case.[1] Plaintiff is therefore barred from litigating this matter by the doctrine of *res judicata*. *See Commodities Export Co. v. U.S. Customs Serv.*, 957 F.2d 223, 228 (6th Cir. 1992) ("[I]t is well established that a final trial court judgment operates as *res judicata* while an appeal is pending."). This matter is "no longer open for discussion" and is therefore dismissed. *Apple*, 183 F.3d at 479; *see also Sawyer v. Lexington Fayette Urban-Cty. Gov't*, 2006 WL 208825, at *5 (E.D. Ky.) (dismissing complaint based on *Apple* because, *inter alia*, claims barred by doctrine of *res judicata*).

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that this action is dismissed *sua sponte* pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

---

1. She also filed an appeal with the United States Sixth Circuit Court of Appeals on December 6, 2021; that appeal remains pending. *See Shah v. Univ. of Toledo*, No. 21-4153 (6th Cir.).